# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMELI KWASI A., | Civil Action No. 18-15029 (SRC) |
| Petitioner, | |
| v. | OPINION |
| RONALD P. EDWARDS, et al., | |
| Respondents. | |

**CHESLER**, District Judge:

Presently before the Court is the motion of Petitioner, Emeli Kwasi A., seeking attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). (ECF No. 27). The Government filed a response to the motion (ECF No. 31), to which Petitioner has replied (ECF No. 32). For the following reasons, this Court will deny the motion.

## I. BACKGROUND

This Court provided an extensive summary of the factual and procedural background of this matter the opinion granting Petitioner's habeas petition. (ECF No. 31). As such, this Court will not repeat that recitation but will instead incorporate the factual background and procedural history of that opinion herein by reference. (*Id.* at 1-4).

## II. DISCUSSION

Petitioner seeks an award of attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A). Pursuant to that statute,

> [e]xcept as otherwise specifically provided by statute, a court shall
> award to a prevailing party other than the United States fees and
> other expenses . . . incurred by that party in any civil action (other
> than cases sounding in tort), including proceedings for judicial
> review of agency action, brought by or against the United States in
> any court having jurisdiction of that action, unless the court finds
> that the position of the United States was substantially justified or
> that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Although the parties agree that Petitioner is a prevailing party in this

matter and that the EAJA would otherwise apply, the Government argues that it was

"substantially justified" in its position in this matter, and that an award of fees under the statute is

therefore not warranted.

As the Third Circuit has explained,

> [t]he Supreme Court has held that, as used in the EAJA,
> "substantially justified" does not mean "justified to a high degree"
> but instead means "justified in substance or in the main – that is,
> justified to a degree that could satisfy a reasonable person." *Pierce
> v. Underwood*, 487 U.S. 552, 565[] (1988). Put another way,
> substantially justified means having a "reasonable basis in both laws
> and fact." *[Id.]* Thus, "[a] court must not assume that the
> government's position was not substantially justified simply
> because the government lost on the merits." *Kiareldeen v. Ashcroft*,
> 273 F.3d 542, 554 (3d Cir. 2001).

*Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005). In litigation arising out of removal

proceedings, the government must be substantially justified in both the position taken by the

agency prior to the litigation, and in the position it takes in litigation before the court to warrant

the denial of a motion for fees on that basis. *Id.; see also Gjergj G. v. Edwards*, No. 19-5059,

2019 WL 3245104, at *2-3 (D.N.J. July 17, 2019).

Turning first to the Government's actions in relation to Petitioner's detention in Petitioner's

underlying removal proceedings, this Court finds that the Government's actions were substantially

justified. Petitioner was initially held pursuant to 28 U.S.C. § 1226(c)'s mandatory detention

provision under which the Government has little to no discretion and the immigration courts have no authority to grant bond absent a court order. When such an order authorizing a bond hearing did arise in the form of the Second Circuit's now abrogated decision in *Lora v. Shanahan*, 804 F.3d 601, 616 (2d Cir. 2015), Petitioner was provided a bond hearing, at which point he was denied bond as both a flight risk and a danger to the community. Petitioner thereafter remained detained pursuant to § 1226(c) until January 2018, when he received a final order of removal in the form of the BIA's decision denying his appeal, at which point he shifted to detention under 8 U.S.C. § 1231, which required his detention for ninety further days without government discretion, provided presumptive authority for detention through July 2018 during which time Petitioner's authority could not be challenged, and provided the Government general authority to discretionarily detain Petitioner until such time as either proved to a district court's satisfaction that his removal was not likely in the reasonably foreseeable future. *See, e.g., Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843 (2018); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Following the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018), in September 2018, Petitioner was shortly thereafter provided a bond hearing. Although one may well wish that this bond hearing had been held more quickly, given the number of aliens to whom *Guerrero-Sanchez* applied and the logistics of scheduling a bond hearing for all such aliens, this Court does not find that the short delay of approximately two months between the issuance of *Guerrero-Sanchez* and Petitioner's bond hearing under that case renders the Government's actions unreasonable. During that hearing, the Government acknowledged the applicability of *Guerrero-Sanchez,* and argued that Petitioner should receive a bond hearing unless the immigration judge found that Petitioner's prior bond hearing under *Lora* mooted out the issue, and the Government further presented an argument for why it believed there

3

was clear and convincing evidence that Petitioner should continue to be detained (*See* Document 13 attached to ECF No. 14). Putting aside any deficiencies the ultimate position taken by the immigration judge may have had, the Government's position at the hearing was therefore reasonable – it raised the largely unanswered question of how a prior bond hearing at which the Government bore the burden of proof affected a *Guerrero-Sanchez* and accepted its burden of proof under *Guerrero-Sanchez*, and presented arguments as to why its burden was met. As the Government's actions and arguments had a reasonable basis in law and fact, the Government's actions were substantially justified. *Johnson*, 416 F.3d at 210.

The final period of Petitioner's detention covers the period after January 2019, when he received a stay of removal and reverted to pre-final order detention under *Leslie v. Att'y Gen.*, 578 F.3d 265, 268-70 (3d Cir. 2012), and this Court's granting of a bond hearing in July 2019. During this period of time, the Government took the position that Petitioner was again subject to detention under 8 U.S.C. § 1226(c), that, per *Jennings*, Petitioner was not statutorily entitled to release or a bond hearing, and that he should therefore remain detained until his petition for review was decided. As this position is directly supported by *Jennings*, this final period of underlying activity was substantially justified.

Having found the Government's underlying actions as to detention justified, all that remains is to determine whether the Government's position in this matter was substantially justified. In this matter, the Government essentially took the position that, post-*Jennings*, a § 1226(c) detainee may only secure a bond hearing by successfully showing that § 1226(c) had become unconstitutional as applied to him. That position is not inaccurate. *See, e.g., Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018). Although this Court ultimately disagreed with the Government's argument that Petitioner failed to show that his continued detention had become so

prolonged as to be arbitrary, the Government's argument to that effect was not unreasonable given Petitioner's prior history and the fact that Petitioner had already received a bond hearing under § 1226(c) and been denied bond as a danger to the community and a flight risk. Given the complex procedural history of this matter, the unsettled nature of the law as to § 1226(c) detention post-*Jennings*, and the lack of firm guidance from the Third Circuit on this issue beyond the dicta statements in *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018), to the effect that portions of *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), survived *Jennings*, this Court finds that the Government's position in this matter, although ultimately unsuccessful, did have a reasonable basis in law and the facts and was therefore substantially justified. As such, Petitioner is not entitled to an award of fees under the EAJA. *Johnson*, 416 F.3d at 210. Petitioner's motion is therefore denied.

## III. CONCLUSION

For the reasons stated above, Petitioner's motion seeking attorneys' fees (ECF No. 27) is denied. An appropriate order follows.

Hon. Stanley R. Chesler,
United States District Judge